16-916-cv(L)
*Abcon Associates, Inc. v. Haas & Najarian*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand seventeen.

PRESENT:   PIERRE N. LEVAL,
           PETER W. HALL,
           DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ABCON ASSOCIATES, INC.,
        *Plaintiff-Counter Defendant-Appellant-Cross Appellee*,

        v.

HAAS & NAJARIAN, HAAS & NAJARIAN, LLP,
        *Defendants-Counter Claimants-Appellees-Cross Appellants*.

    16-916-cv(L)
    16-1779-cv(CON)
    16-964-cv(XAP)
    16-1851-cv(XAP)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-COUNTER
DEFENDANT-APPELLANT
-CROSS APPELLEE:

RICHARD HAMBURGER, Hamburger, Maxson, Yaffe & McNally, LLP, Melville, New York.

FOR DEFENDANTS-COUNTER
CLAIMANTS-APPELLEES
-CROSS APPELLANTS:

JEFFREY T. STRAUSS (Sara Spiegelman, *on the brief*), Wachtel Missry LLP, New York, New York.

Consolidated appeals from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-counter defendant-appellant-cross appellee Abcon Associates, Inc. ("Abcon") appeals from the February 29, 2016 memorandum and order and May 4, 2016 judgment of the district court (Wexler, *J.*), entered after a bench trial, to the extent the court awarded defendants-counter claimants-appellees-cross appellants Haas & Najarian and Haas & Najarian, LLP (together, "H&N") $568,845 in attorneys' fees, plus interest, in *quantum meruit*. H&N cross-appeals from the same decision and judgment to the extent the court awarded Abcon $463,000, plus interest, in contract damages. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"In reviewing a judgment entered after a bench trial, we 'must not set aside' the district court's findings of fact 'unless they are clearly erroneous.'" *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012) (alterations omitted) (quoting Fed. R.

Civ. P. 52(a)(6)). "We review the district court's conclusions of law, and its application of the law to the facts, *de novo*." *Id.*

## A.     Award of Contract Damages

We agree with the district court that Abcon was not obligated to pay H&N legal fees under the terms of their agreement. The June 27, 2007 letter agreement contained a satisfaction clause, and Abcon acted reasonably in expressing its dissatisfaction with the resolution of the matter, as its debt to New York Community Bank increased from $257,361 to $1,161,490. Hence, Abcon reasonably exercised its contractual right under the satisfaction clause to be relieved of its obligation to pay H&N $463,000 in fees. *See J.D. Cousins & Sons, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, 341 F.3d 149, 153 (2d Cir. 2003) (holding that performance under satisfaction clause is assessed for reasonableness if clause calls for satisfaction based on objective criteria). Accordingly, we affirm the district court's judgment with respect to its award of contract damages to Abcon of $463,000, plus interest.

## B.     Award in *Quantum Meruit*

We vacate the district court's judgment to the extent it awarded legal fees to H&N in *quantum meruit*. "New York law does not permit recovery in quantum meruit, however, if the parties have a valid, enforceable contract that governs the same subject matter as the quantum meruit claim." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005). Thus, there can be no

recovery in *quantum meruit* in this case because the valid and enforceable agreement between the parties already addressed the conditions under which H&N would be paid for its legal services. Moreover, even if recovery in *quantum meruit* were not precluded here, H&N would still be ineligible for a *quantum meruit* recovery because it could not have had a reasonable expectation that it would be entitled to fees if the satisfaction clause were reasonably invoked. *See id.* (requiring expectation of compensation for recovery in *quantum meruit*). Accordingly, H&N is not entitled to recover legal fees in *quantum meruit*.

\*　　\*　　\*

We have considered the remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court to the extent it awarded Abcon $463,000 in contract damages, and we **VACATE** the judgment to the extent it awarded H&N $568,845 in *quantum meruit*. We **REMAND** the matter for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 4 -